

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

May 23, 1939

Hon. T. M. Trimble
First Assistant State
  Superintendent
Austin, Texas

Opinion No. O-840
Re: Whether bonds voted for the
purpose of repairing and equip-
ping school building may be used
for the purchase of school busses.

Dear Sir:

    We are in receipt of your letter of May 17, 1939,
wherein you request our opinion in response to the following
questions:

    "1. If a school district votes bonds for the
purpose of repairing and equipping a school building,
and to purchase school site, would it be legal for the
board to spend this bond money for school busses or to
pay bus notes?

    "2. Of what offense, if any, would the board be
guilty if they did spend bond money for busses? What
would the penalty be, if any?"

    Article 2784, Revised Civil Statutes, sets forth
certain purposes for which the commissioners' court for the
common school districts in its county, and the district
school trustees for the independent school districts may
levy taxes and issue bonds. It is therein provided that
"no tax shall be levied, collected, abrogated, diminished or
increased, and no bonds shall be issued hereunder, until such
action has been authorized by a majority of the votes cast at
an election held in the district for such purpose, at which
none but property tax paying qualified voters of such dis-
trict shall be entitled to vote."

    Article 2786, Revised Civil Statutes, requires the
petition, election order and notice of election to distinctly
specify, among other things, the purpose for which the bonds
are to be used. It also provides that the proceeds of such
bonds "shall be disbursed only for the purpose for which the
said bonds were issued."

    In the case of Carroll v. Williams, 202 S.W. 504,
the use of county funds for purposes different from those for
which the same were raised was involved. We quote from the

opinion of the Supreme Court as follows:

"Second. Going to the real gist of the main issue before us, section 9 of article 8 of our state Constitution, supra, inhibits any and all transfers of tax money from one to another of the several classes of funds therein authorized, and, as a sequence, the expenditure, for one purpose therein defined, of tax money raised ostensibly for another such purpose. The immediate purpose in so prescribing a separate maximum tax rate for each of the classes of purposes there enumerated is, no doubt, to limit, accordingly, the amount of taxes which may be raised from the people, by taxation, declaredly for those several purposes or classes of purposes, respectively. But that is not all. The ultimate and practical and obvious design and purpose and legal effect is to inhibit excessive expenditures for any such purpose or class of purposes. By necessary implication said provisions of section 9 of article 8 were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever. Those constitutional provisions control, not only the raising, but also the application, of all such funds; and such is the legal effect of articles 2242 and 7357, supra, when properly construed and applied."

The reasoning of the Supreme Court in the above case applies with full force to the situation which you outlined to us. The bonds which you mention were voted for the purpose of repairing and equipping a school building and to purchase a school site. The electorate authorized the same under the assurance that the proceeds of the bonds would not be used for any other purpose. Speaking of Article 6674e, Revised Civil Statutes, providing for the deposit of certain moneys in the State Highway Fund, the Austin Court of Civil Appeals, through Chief Justice McClendon in the case of Johnson vs. Ferguson, 55 S.W.(2d) 153, said:

"As such allocation we think it had the manifest purpose of removing such fund, beyond all doubt

or peradventure, from the general revenue fund of the state and of devoting it, but not appropriating it, to the stated purpose. It served the double purpose of a declaration of policy and a direction to the state treasurer that the fund was not to be invaded for purposes other than those named in the article."

The proceeds of the bonds which you mention cannot be invaded for any purpose except the purpose for which such bonds were voted. Your first question is answered in the negative.

The diversion of this money from the stated purpose being quite plainly forbidden, we think it is to be assumed that the authorities having charge of this money will not use the same for any prohibited purpose, and we, therefore, do not believe that it is necessary to answer your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      CEK, CHAIRMAN

GRL:N:wb